IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANZA CAPITAL PARTNERS, LLC

    Plaintiff,

v.

EDWIN ACOSTA-DEVOZ, *et al.*

    Defendants.

Civil No. 11-1038 (SEC)

**OPINION & ORDER**

Before the Court are co-defendants Edwin Acosta-Devoz, Liliana Martinez, and their conjugal partnership (collectively "Defendants") "Motion for Partial Dismissal" (Docket # 12), and plaintiff Anza Capital Partners, LLC's ("Plaintiff") opposition thereto (Docket # 28). After reviewing the filings and the applicable law, Defendants' motion is **DENIED**.

**Background**

Plaintiff filed this diversity breach of contract suit against Defendants and their wholly owned corporations. Docket # 1.[1] Among other things, Plaintiff's complaint moves the Court to hold Defendants personally liable under the doctrine of piercing the corporate veil. Id. Defendants timely moved to dismiss the claims against them, stating that Plaintiff's complaint fails to set forth the elements of such doctrine. Docket # 12. Specifically, Defendants argue that (1) "Plantiffs' allegations, if in merit, should be directed solely towards the legal entities with which Plaintiff did business"; (2) Defendants' corporations were not used as alter egos; and (3) Defendants' corporations were not used "to promote fraud, evade obligations and/or frustrate public policy." Id. at ¶¶ 10-11. Plaintiff opposed, arguing that their complaint as drafted withstands dismissal. Docket # 28.

---

[1] Allegedly, Defendants contracted to sell 1,000 metric tons of scrap metal to Plaintiff but failed to deliver the agreed upon quantities. Id. Plaintiff also sued the individuals who brokered the transaction. Id.

**Civil No. 11-1038 (SEC)** 2

### Applicable Law and Analysis

An extended discussion of the standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) is unnecessary in this case. It suffices to say that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible entitlement to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007). In this case, however, the Court is disinclined to delve into this type of analysis, as Defendants' motion falters for much simpler reasons.

It is well-settled that a motion to dismiss for failure to state a claim has no purpose other than to "test the formal sufficiency of the statement of the claim for relief." 5A C. Wright & A. Miller, Federal Practice § 1355, p. 354 (3d ed. 2004). In other words, "the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." <u>Id.</u> Further, the burden of persuasion in these types of motions fall first on the movant, who must show that the complaint as drafted affords no legal recourse to the plaintiff. <u>See</u> <u>Twombly</u>, 550 U.S. at 559.

In this case, the three arguments highlighted above, rather than questioning the sufficiency of the averments in Plaintiff's complaint, challenge the facts and the substantive merits of Plaintiff's case. Therefore, Defendants's motion falls far short of meeting the requite burden of proof.

### Conclusion

Based on the foregoing discussion, the Court **DENIES** Defendants' motion.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of October, 2011.

                                         s/ *Salvador E. Casellas*
                                         SALVADOR E. CASELLAS
                                         U.S. Senior District Judge

**Civil No. 11-1038 (SEC)** **3**